1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

CHRISTOPHER WALKER,

11                         Plaintiff,                        CASE NO. C10-5137BHS

12           v.

13   NATIONAL CREDIT SYSTEMS, INC.,                ORDER DENYING IN PART
     et al.,                                       AND GRANTING IN PART
14                                                 DEFENDANT'S MOTION TO
                         Defendants.               DISMISS
15
16
17
18           This matter comes before the Court on Defendant National Credit Systems, Inc.'s

19   ("National") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

20   Procedure for failure to state a claim upon which relief can be granted.  Dkt. 6. The Court

21   has considered the pleadings filed in support of and in opposition[1] to the motion and the

22   remainder of the file and hereby denies in part and grants in part National's motion to

     dismiss for the reasons stated herein.
23
                                    **I. PROCEDURAL BACKGROUND**
24
             On March 2, 2010, Plaintiff Christopher Walker ("Walker") filed his complaint.
25
     Dkt. 1.  On April 19, 2010, Defendant Equifax Information Services LLC filed its answer
26
27           [1] *See infra* Section III.A for the Court's discussion of the extraneous materials submitted
     by Walker in support of his response to National's motion to dismiss.
28

to the complaint.  Dkt. 4.  On April 20, 2010, National filed its motion to dismiss
Walker's complaint. Dkt. 6.  On May 10, 2010, Walker responded to the motion (Dkt. 7)
and on May 14, 2010, National replied (Dkt. 8).

## II. WALKER'S COMPLAINT

### A.    Factual Allegations

Walker is a resident of Pierce County, Washington.  He is a "consumer" as defined
by section 1681a(c) of the Fair Credit Reporting Act codified at 15 U.S.C. § 1681 et seq.
("FCRA").  National is a corporation and a "debt collector" as defined by section
1692a(6) of the Fair Debt Collection Practices Act codified at 15 U.S.C. § 1692 et seq.
("FDCPA").

The following relevant factual allegations contained in Walker's complaint (Dkt.
1) are taken as true in deciding National's motion to dismiss:

In 2008, Walker had an agreement with Madison Apartment Group LLC for an
apartment at Brantley Pines.  In approximately May of 2008 Walker and Madison settled
all alleged debts.  Walker paid the debt as mutually agreed upon.

In approximately July of 2009 Walker viewed his credit report and found false
information that National had reported to credit reporting bureaus regarding the apartment
Walker had leased at Brantley Pines.  On or about July 13, 2009, Walker disputed the
false information by reporting it to National in writing.  In its response to the dispute,
National informed Walker that he still owed a debt to Brantley Pines and advised him to
pay the debt or National would continue the collection procedure.

Walker disputed the false information on his credit report and repeatedly contacted
National to resolve the matter but was unsuccessful.  National undertook these acts and
omissions as part of its regular debt collection efforts.

The false information was provided to credit reporting agencies including Equifax.
Walker disputed Equifax's listing of the false information repeatedly by phone, in
writing, and/or electronically.  In approximately August of 2009 Walker disputed the debt

1  with Equifax.  National was made aware of Walker's dispute by Equifax.  National

2  verified the report of the debt to Equifax without performing a reasonable investigation

3  into Walker's dispute.

4          The debt appearing on Walker's Equifax credit report was damaging to his credit,

5  including causing him to appear less credit-worthy than he was.

6          National did not report the debt as disputed to credit reporting agencies.  This

7  caused Walker's credit reputation to be negatively affected.

8          As a result of Equifax and National's reporting of false and derogatory

9  information, Walker sustained injuries and actual damages including abstention from

10 applying for credit, denial of credit, and damage to his creditworthiness.

11 **B.    Statement of Claims Against National**

12         In his complaint, Walker states that National

13 willfully and/or maliciously acted and failed to act as follows:
           (a) Willfully and/or negligently violated the provisions of the FCRA
14 by willfully and/or negligently failing to comport with FCRA section
   1681s-2(b);
15         (b) In the entire course of its actions National defamed [Walker] by
   storing and distributing false information with disregard for its truth or
16 falsity;
           (c) Defamed [Walker] by storing and distributing false information
17 with disregard for its truth or falsity;
           (d) Committed unfair, deceptive and harassing acts and omissions
18 against [Walker] in violation of the FDCPA;
           (e) Invading the privacy of [Walker];
19         (f) Failed in its duty to prevent forseeable injury to [Walker].

20 Dkt. 1 at 4-5.

21                          **III. DISCUSSION**

22 **A.    Extraneous Materials**

23         When deciding a motion to dismiss, a court's consideration is limited to the

24 pleadings. Fed. R. Civ. P. 12(d).  A motion to dismiss made under Rule 12(b)(6) of the

25 Federal Rules of Civil Procedure must be treated as a motion for summary judgment

26 under Rule 56 of those rules if either party to the motion to dismiss submits materials

27 outside the pleadings in support of or opposition to the motion, and if the district court

28

1   relies on those materials. Fed. R. Civ. P. 12(b)(6); *Jackson v. Southern California Gas*

2   *Co.*, 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court

3   relied on the extraneous matter.").  A court may properly look beyond the complaint to

4   matters of public record and doing so does not convert a Rule 12(b)(6) motion to one of

5   summary judgment. *See Gemtel Cor. v. Community Redevelopment Agency*, 23 F.3d

6   1542, 1544, n. 1 (9th Cir. 1994).  Here, the Court notes that Walker submitted materials

7   outside the pleadings in support of his response to National's motion to dismiss and such

8   materials are not a matter of public record. *See* Dkt. 7, Exh. 1.  However, the Court will

9   not convert National's motion to dismiss into one for summary judgment since the Court

10  is not relying on the extraneous materials in deciding National's motion to dismiss. *See*

11  *Jackson*, 881 F.2d at 643, fn. 4.

12  **B.      Standard for Deciding Motion to Dismiss Under Rule 12(b)(6)**

13          Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

14  Procedure may be based on either the lack of a cognizable legal theory or the absence of

15  sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901

16  F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

17  complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th

18  Cir. 1983).   To survive a motion to dismiss, the complaint does not require detailed

19  factual allegations but must provide the grounds for entitlement to relief and not merely a

20  "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v.*

21  *Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right

22  to relief above the speculative level, on the assumption that all the allegations in the

23  complaint are true (even if doubtful in fact)." *Id*. at 555-56 (internal citations omitted).

24  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."

25  *Id*. at 570.

26

27

28

1

**C.    Walker's FCRA Claim**

2

Walker's first claim alleges that National "[w]illfully and/or negligently violated

3

the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA

4

section 1681s-2(b)." Dkt. 1 at 4 ¶ 22(a).  Section 1681s-2(b) of the FCRA states that the

5

following are duties of furnishers of credit information upon notice of dispute:

6

After receiving notice pursuant to section 1681i(a)(2) of this title of a
dispute with regard to the completeness or accuracy of any information

7

provided by a person to a consumer reporting agency, the person shall–
(A) conduct an investigation with respect to the disputed

8

information.

9

The statute goes on to list several other requirements that furnishers must complete after

10

being notified of a dispute by a consumer.  *Id.*

11

National argues, in its motion to dismiss, that Walker's allegations supporting his

12

FCRA claim are merely speculative and not sufficiently plausible to entitle him to relief.

13

Dkt. 6 at 5.  Walker alleges in his complaint that National reported false information

14

regarding a debt he had relating to his renting of an apartment at Brantley Pines; that he

15

filed a dispute with Equifax, a consumer reporting agency; that Equifax gave notice to

16

National of the dispute; and that National did not conduct a reasonable investigation into

17

his dispute regarding the alleged false information. Dkt. 1 at 3.  The Court concludes that

18

these factual allegations, when taken as true, are plausible and sufficient to support

19

Walker's claim for relief under § 1681s-2(b) for purposes of surviving a motion to

20

dismiss. *See Twombly*, 550 U.S. at 570.  Therefore, the Court concludes that National's

21

motion to dismiss Walker's FCRA claim under Rule 12(b)(6) is denied.

22

**D.    Walker's FDCPA Claim**

23

Next, Walker alleges that National "[c]ommitted unfair, deceptive and harassing

24

acts and omissions against [Walker] in violation of the FDCPA."  Dkt. 1 at 5 ¶ 22 (d).

25

The factual allegations in his complaint state that National, in its motion to dismiss,

26

argues that Walker's complaint fails to allege unfair, deceptive, or harassing acts

27

committed by National in violation of the FDCPA.  Dkt. 6 at 7.  Walker states, in his

28

1    response to the motion to dismiss, that, throughout his complaint, he alleged that National

2    furnished false information regarding a debt that Walker had already paid, that he

3    contacted National directly and repeatedly, that National failed to remove the collection

4    account on the debt at issue, and that National failed to investigate the dispute.  Dkt. 7 at

5    10; *see* Dkt. 1 at 3-5.  Walker maintains that National's conduct was "undertaken as part

6    of its regular debt collection efforts" (Dkt. 1 at 3 ¶ 13) and constituted harassment, false

7    and misleading representations, and unfair practices in violation of 15 U.S.C. § 1692d-f.

8    Dkt. 7 at 10.

9         Although Walker cites to specific subsections of § 1692 in his response to the

10   motion to dismiss, these do not appear in his complaint where he alleges his claim simply

11   under the FDCPA.  *See* Dkt. 1 at 5 ¶ 22 (d).  Walker's complaint states that National

12   violated the FDCPA by committing unfair, deceptive, and harassing acts and omissions

13   against him.  *Id.*  The FDCPA prohibits debt collectors from using harassment, false or

14   misleading representations, or unfair means to collect or attempt to collect any debt.  *See*

15   § 1692d-f.  The Court concludes that Walker has alleged facts to support his FDCPA

16   claim sufficient to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555-56 (stating

17   that, in deciding a motion to dismiss, the court must assume "that all the allegations in the

18   complaint are true (even if doubtful in fact)").  Therefore, National's motion to dismiss

19   Walker's FDCPA for failure to state a claim under Rule 12(b)(6) is denied.

20   **E.    Walker's Defamation, Invasion of Privacy, and Negligence Claims**

21        Finally, Walker alleges claims against National for defamation, invasion of

22   privacy, and forseeable injury (a negligence claim) at pages four and five of his

23   complaint.  Dkt. 1 at 4-5 ¶ 22 (b), (c), (e), & (f); *see supra* Section II.B.

24        National argues that no cause of action exists in this case for defamation, invasion

25   of privacy, or forseeable injury (i.e. negligence) under 15 U.S.C. § 1681h(e) because

26   Walker has failed to plead and prove that false information was furnished by National

27   with malice or willful intent to injure him and because he fails to plead the elements of

28

1

the claims.  Dkt. 6 at 5, 6, & 8.  Walker maintains that he has plead facts sufficient to

2

meet the *Twombly* plausibility standard to show that National acted with reckless

3

disregard for the law in furnishing false information about him.  Dkt. 7 at 9 (*citing Safeco*

4

*Insurance Company v. Burr*, 551 U.S. 47 (2007) (establishing the standard for a willful

5

violation under section 1681n of the FCRA)).

6

In *Safeco*, the Supreme Court reiterated the general principle that "where

7

willfulness is a statutory condition of civil liability, we have generally taken it to cover

8

not only knowing violations of a standard, but reckless ones as well."  551 U.S. at 57.

9

The Supreme Court  then examined the phrase "willfully fails to comply" as it appears in

10

§ 1681n(a) of the FCRA and held that such language includes "reckless FCRA

11

violations."  *Id*.  The Court in *Safeco* noted that its holding comports with "the general

12

rule that a common law term in a statute comes with a common law meaning, absent

13

anything pointing another way."  *Id*. at 57-58 (*citing Beck v. Prupis*, 529 U.S. 494, 500-01

14

(2000)).

15

Section 1681h(e) of the FCRA requires a consumer, in bringing claims of

16

defamation, invasion of privacy, or negligence against a furnisher, must show that "false

17

information [was] furnished with malice or willful intent to injure such consumer."

18

§ 1681h(e).  The Court concludes that this standard of willful intent includes recklessness,

19

as the Court finds no reason that the "willful" appearing in § 1681h(e) should be treated

20

any differently than it is when the word appears in § 1681n(a).  *See Safeco* 551 U.S. at

21

57-58.  The Supreme Court in *Safeco* stated the common law definition of recklessness as

22

an "action entailing an 'unjustifiably high risk of harm that is either known or so obvious

23

it should be known.'" 551 U.S. at 49.

24

Here, Walker alleges common law claims of defamation, invasion of privacy, and

25

negligence against National, a company that furnishes information to consumer reporting

26

agencies as defined by the FCRA.  In support of these claims, Walker alleges that he paid

27

the debt on which National furnished information that such debt was still owing, that he

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

disputed National's furnishing of the false information, and that National acted willfully and maliciously in: (1) failing to reasonably investigate his dispute, (2) continuing to furnish the false information following his dispute of the information, and (3) failing to report the information to credit reporting bureaus as disputed.  Dkt. 1 at 3-5.  When taken as true, Walker's allegations show that National's conduct rises to the level of willful intent in that National was reckless in furnishing false information about Walker. Therefore, the Court concludes that Walker has sufficiently pled his claims of defamation, invasion of privacy, and negligence, as National's intent in committing the acts is concerned.  However, Walker fails to plead the elements of the common law causes of action in his complaint.  *See* Dkt. 1 at 4-5.  Therefore, National's motion to dismiss Walker's defamation, invasion of privacy, and negligence claims is granted.

## IV. ORDER

Therefore, it is hereby **ORDERED** that National's motion to dismiss is **DENIED in part** as to Walker's FCRA and FDCPA claims and **GRANTED in part** as to Walker's common law claims of defamation, invasion of privacy, and negligence.

DATED this 21st of June, 2010.


BENJAMIN H. SETTLE
United States District Judge