**The Honorable Benjamin H. Settle**

# United States District Court
# Western District Of Washington
# At Tacoma

**Christopher Walker**,

Plaintiff,

v.

**National Credit System Inc., and Equifax Information Services LLC,**

Defendants.

Cause No: 3:10-cv-05137-BHS

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses**

**Note on Motion Calendar:
August 20, 2010**

NOW COMES Plaintiff Christopher Walker, by and through counsel, and files this Brief in Support of his Motion to Strike National Credit Systems, Inc.'s (NCS) First, Second, Fourth, Fifth and Sixth Affirmative Defenses pursuant to FRCP 12(f). Plaintiff requested that NCS file an amended answer that provides plausible defenses and NCS has not so amended. Plaintiff states the following in support of his motion:

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 1
Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

**Procedural Background:**

Plaintiff filed his action on March 2, 2010, detailing his attempts to resolve allegedly improper credit reporting by NCS pursuant to 15 USC section 1681s-2(b) along with violations of 15 USC section 1692 for unfair, deceptive and harassing action by NCS. In addition plaintiff listed causes of action for defamation, invasion of privacy and negligence.

NCS filed a motion to dismiss under FRCP 12(b)(6) to all plaintiff's claims including those under the FDCPA and FCRA alleging plaintiff failed to state the response of NCS to the consumer dispute verification sent by Equifax Information Services LLC to NCS pursuant to 15 USC section 1681i. NCS Motion to Dismiss at p.4 lines 8-11. In its reply NCS modified its approach stating the ambiguity was less with the response to the dispute than with the entity collecting. NCS Reply to Motion To Dismiss at p2, lines 3-6.

The Court denied NCS's motion with regard to the FCRA and FDCPA claims and granted it for the common law causes of action (negligence, invasion of privacy and defamation). Thereafter, NCS filed an answer in which it did not allege facts other than elaborating on a denial of paragraph 12 of plaintiff's complaint (admitting plaintiff contacted NCS). NCS's answer provides "Affirmative Defenses" as follows: "Failure to State A Claim", "Lack of Subject Matter Jurisdiction," "Preemption," "Bona Fide Error" (for FDCPA), "Bona Fide Error " (for FCRA) and "Acts of Others." NCS provides no factual basis for the affirmative defenses.

**Question Presented**

Whether NCS' affirmative defenses detailed herein are insufficient, redundant, immaterial, or impertinent.

**Statement of Law**

1. <u>Pleading Affirmative Defenses - Generally</u>.

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 2**
**Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

FRCP 12(f) allows that a court "may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial..." Fantasy, Inc. v. Fogerty, 984 F. 2d 1524, 1527 (9th Cir. 1993) (citing, Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983)). "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. at 1527 citing, 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990), Thompson v. Paul, 657 F. Supp. 2d 1113 (Dist. Court Arizona, 2009). "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. at 1527. Superfluous historical allegations are a proper subject of a motion to strike. See, e.g., Healing v. Jones, 174 F.Supp. 211, 220 (D.Ariz.1959). Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. Fantasy, Inc, supra, at 1528. FRCP 1 provides the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

    2. <u>Affirmative Answers Pre-Twombly.</u> Even under pre-<u>Twombly/Iqbal</u> pleading requiments, a defendant was required to "state in short and plain terms the . . . defenses to each claim asserted . . . ." Fed. R. Civ. P. 8(b). Although courts did not require detailed statements of the affirmative defenses, they did require more than conclusory allegations. Telectronics Proprietary, Ltd. v. Medtronics, Inc., 687 F. Supp. 832, 841 (S.D.N.Y. 1988) ("the word 'estoppel' without more is not a sufficient statement of a defense"); Painewebber, Inc. v. International Mobile Machines Corp., 1992 U.S. Dist. LEXIS 3740 (S.D.N.Y., March 30, 1992) (same); Microsoft Corp. v. Jesse's Computers & Repair, 211 F.R.D. 681, 684 (M.D. Fla. 2002) ("If the affirmative defense comprises no more than "bare bones conclusory allegations, it must be stricken"); D.S. Am. (E.) v. Chromagrafx Imag-

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 3**
**Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

ing Sys., 873 F. Supp. 786 (E.D.N.Y. 1995) ("An affirmative defense must sufficiently apprise the opposing party of the nature of the defense, providing the opposing party with adequate notice of the relevant elements of the defense"); Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294-95 (7th Cir. 1989) (striking affirmative defenses for failure to include a short and plain statement of facts and failure to allege necessary elements of the defenses).

Although each of these authorities observes that Rule 12(f) motions are generally disfavored, each of them acknowledges that striking a patently insufficient defense serves a useful purpose by expediting the litigation. Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007), replaced the Conley v. Gibson "no but see First Nat'l Ins. Co. of Am. v. Professional Pool Techs, LLC, 2009 U.S. Dist. LEXIS at * 5 (E.D. Mich. Jan. 5, 2009) (Twombly does not apply to defenses); Westbrook v. Paragon Sys., Inc., 2007 U.S. Dist. LEXIS 88490 at * 1-2 (S.D. Ala. Nov. 29, 2007) (same).

3. Affirmative Answers Post-Twombly. It appears that the United States Court of Appeals for the Ninth Circuit has not addressed the "set of facts" pleading standard with the "plausibility" standard. Ashcroft v. Iqbal, 566 U.S. __ , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) clarified that the new standard applies to all civil litigation. Most district courts that have considered the matter agree that the "plausibility" standard applies to both plaintiffs and defendants. Palmer v Oakhill Farms, Inc., 2010 U.S. Dist. LEXIS 63265, at *4 (W.D. Va. June 24, 2010); Safeco Ins. Co. Of Am. v. O'Hara Corp., 2008 U.S. Dist. LEXIS 48399 at * 3 (E.D. Mich. June 25, 2008) ("defenses fall within the ambit of Twombly"); Holtzman v. B/E Aerospace, Inc., 2008 U.S. Dist. LEX-IS 42630 at *6 (S.D. Fla. May 28, 2008) (Twombly requires fact allegations as part of affirmative defenses); Kaufmann v. Prudential Ins. Co. of Am., 2009 U.S. Dist. LEXIS 68800 at * 1-2 (D. Mass. Aug. 6, 2009) ("[a]ssuming, without deciding, that sauce for the goose is sauce for the gand-

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 4**
**Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

er, the court is inclined to think that a defendant has the same Rule 8 obligations with respect to notice pleading as does a plaintiff"); Given the unsettled nature of the law in the Ninth Circuit, a breakdown of cases applying Twombly to affirmative defenses is provided below [1] as well as those cases declining to do so.[2]

In Tracy v. NVR, Inc., 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y., Sept. 30, 2009), modified, in part, on other grounds, 2009 U.S. Dist. LEXIS 102960 (W.D.N.Y. Nov. 5, 2009), the defendant had "pled its contested 'additional defenses' in simple conclusory terms, unsupported by any factual allegations. For example, NVR's third affirmative defense states in its entirety, 'Plaintiffs' claims are barred by the doctrine of laches.'" Id.at 1.

Tracy and the other cases cited in Plaintiff's Motion are based on sound policy. As one court explained: Boilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution. Safeco Ins. Co. Of Am. v. O'Hara Corp., 2008 U.S. Dist. LEXIS 48399 at * 2 (E.D. Mich. June 25, 2008).

---

[1] Cases Applying Twombly: Palmer v Oakhill Farms Inc., 2010 U.S. Dist. LEXIS 63265 (W.D. Va. June 24, 2010); CTF Development, Inc. v. Penta Hospitality, LLC, 2009 WL 3517617 (N.D. Cal. October 26, 2009), FDIC v. Bristol Home Mortg. Lending, LLC, 2009 WL 2488302 (S.D. Fla. August 13, 2009), Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647 (D. Kan. 2009), Holtzman v. B/E Aerospace, Inc., 2008 WL 2225668 (S.D. Fla. May 28, 2008), In re Mission Bay Ski & Bike, Inc., 2009 WL 2913438 (Bkrtcy. N.D. Ill. Sept. 9, 2009); In re Montagne, 2010 WL 449674 (Bkrtcy. D. Vt. Feb. 4, 2010); Safeco Ins. Co. of America v. O'Hara Corp., 2008 WL 2558015 (E.D. Mich. June 25, 2008); Sorenson v. Spectrum Brands, Inc., 2009 WL 5199461 (S.D. Cal. Dec. 23, 2009); Tracy v. NVR, Inc., 2009 WL 3153150 (W.D.N.Y. Sept. 30, 2009).

[2] Cases Declining to Apply Iqbal or Twombly to Affirmative Defenses. Bank of Montreal v. SK Foods, LLC, 2009 WL 3824668 (N.D. Ill. Nov. 13, 2009); Charleswell v. Chase Manhattan Bank, N.A., 2009 WL 4981730 (D.V.I. Dec. 8, 2009); First Nat. Ins. Co. of America v. Camps Services, Ltd., 2009 WL 22861 (E.D. Mich. Jan. 5, 2009); Holdbrook v. SAIA Motor Freight Line, LLC, 2010 WL 865380 (D. Colo. March 8, 2010); McLemore v. Regions Bank, 2010 WL 1010092 (M.D. Tenn. Mar 18, 2010); Romantine v. CH2M Hill Engineers, Inc., 2009 WL 3417469 (W.D. Pa. October 25, 2009).

---

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 5**
**Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

**Argument**

The affirmative defenses of NCS range from unsupported to invented defenses that to not apply to an action under the FCRA and FDCPA.

First Affirmative Defense - Failure to State Claims was provided by NCS despite it already trying this approach in its motion under FRCP 12(b)(6) and despite the Court finding plaintiff's causes of action under the FDCPA and FCRA were sufficiently and plausibly stated. Plaintiff has stated claims and NCS offers no indication what claims are unsupported. This affirmative defense is impermissibly conclusory and fails under the pre-Twombly notice pleading and is implausible post-Twombly. It is insufficient, redundant (to the motion to dismiss), immaterial and impertinent to this case.

Second Affirmative Defense - Lack of Subject Matter Jurisdiction. NCS has not pled this defense sufficiently to understand its basis. It is only plead with a caption. To the extent this claim can be understood it does not apply to these federal claims made in a United States district court. Under the FDCPA, an action "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs. 15 USC section 1692k(d). Under the FCRA an action "may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . ." 15 USC section 1681p. This defense is insufficiently pled to know what is meant, it is immaterial to an action in a United States district court and is impertinent to this case.

Third Affirmative Defense – Preemption. This defense is impertinent and irrelevant where common law causes of action no longer exist to plaintiff claim. However the defense will not require plaintiff to devote resources in time and effort and so he does not move to strike this defense.

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 6**
**Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

Fourth Affirmative Defense - FDCPA Bona Fide Error. The "bona fide error" defense under the FDCPA provides protection where "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 USC section 1692k(c). This defense has been the subject of considerable analysis lately. Jermaine v Carlisle, 130 S.Ct. 1605 (2010). The Supreme Court has determined the application of this defense is very narrow and excludes mistakes such as as a mistaken interpretation of the FDCPA. Id. at 1614. There also must be a process designed to avoid such errors. Id. Here, NCS provided a boiler plate conclusory single line unsupported by any facts. This statement of a defense fails both pre-Twombly and post-Twombly and should be struck.[3]

Fifth Affirmative Defense - FCRA Bona Fide Error. This defense doesn't exist in the FCRA nor in any case under the FCRA plaintiff could find. I don't recall this defense ever being used in a case under the FCRA. The FDCPA and Truth In Lending Act (at 15 USC section 1640(c)) have such a defense but they are strict liability statutes. Randolph v. IMBS, Inc., 368 F. 3d 726, 730 (7th Cir. 2004).

Sixth Affirmative Defense - Acts of Others. This affirmative defense is stated with no factual basis. Further, the defense applies under neither the FCRA nor the FDCPA. In its order this Court held plaintiff properly alleged a claim under 15 USC section 1681s-2(b). Doc. 9, page 5. If NCS is claiming Equifax is to blame for its error in reporting the debt this has no basis as plaintiff

---

[3] Bradshaw v Hilco Receivables Inc. , RDB-10-113 (Dist. MD, July 27, 2010), strikes the Bone Fide Error defense under the FDCPA where the collection agency stated merely "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Plaintiff does not yet have the citation for this recent case.

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 7**
**Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

claimed Equifax's liability under separate sections of the FCRA, 15 USC section 1681i and 1681e(b). Blaming another for its independent statutory obligation under 15 USC section 1681s-2(b) is not a defense under the FCRA. See generally, Betts v Equifax, 245 F.Supp.2d 1130, 1136 (WD Wash. 2003)(Hon. John Coughenour). Further, there is no basis in law for blaming another party (whichever party it intends to blame) for a violation of the FDCPA. The FDCPA is a strict liability statute. Clark v. Capital Credit & Collection Serv., 460 F. 3d 1162, 1175 (9th Cir. 2006), Randolph v IMBS, Inc., supra at 730.

## Conclusion

For the foregoing reasons, Plaintiff respectfully asks this Court to strike Defendants' Affirmative Defenses One and Two and Four through Six for the complete failure to plead any facts supporting those defenses and for being insufficient, redundant, immaterial, and impertinent.

Dated: August 2, 2010.

*[signature: Christopher E. Green]*

_____
CHRISTOPHER E. GREEN
Of Attorneys for Plaintiff

**Plaintiffs Motion To Strike Five of National Credit Systems, Inc.'s Affirmative Defenses - 8**
**Cause no. 3:10-cv-05137-BHS**

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410